GILMORE *against* WALE.

A peaceable entry into the house of another, for illegal purposes, is a trespass.

A notice to produce a paper "on the trial of the cause," is sufficient, without giving a new notice for every succeeding circuit.

TRESPASS, for entering the plaintiff's office, and taking and carrying away a bill of lading, with a receipt indorsed thereon, the goods and chattels of the plaintiff.

Plea, the general issue, with notice of special matter.

Two bags, containing 1,000 dollars each, had been consigned to the defendant from New Orleans, on board a vessel belonging to the plaintiff. On the arrival of the vessel at the port of New York, the captain immediately delivered the bags at the office of the plaintiff, in the same condition as when received by him at New Orleans.

Another vessel, owned by some other person, had arrived about the same time, from the same port, with another consignment to the defendant, of three bags, containing also 1,000 dollars each. All the bags were marked in the same manner, and one of the three bags had been opened, and some of the money had been taken out. These three bags were placed by the defendant in his sleigh. He then, with his son, called at the counting-room of the plaintiff, for the two other bags consigned to him by the first vessel. The plaintiff's clerk, being then engaged in counting other money for other consignees, objected to a delivery at that time, as he wished first to count the same. The defendant, however, replied, that he would take the bags as they were.

The clerk, thereupon, delivered them to him, and took his receipt, on the back of the bill of lading, in full, for the same. These bags were placed with the others in the sleigh. The son of the defendant testified, that upon counting the money contained in the bags, a deficiency of 300 dollars was discovered in two of the bags, which were those he had received from the plaintiff, and were both unsealed; the plaintiff's clerk, however, swore that he carried one of the bags to the defendant's sleigh, and that bag was sealed.

The defendant called the next day at the plaintiff's counting-room, and requested the clerk to show him the receipt he had given him the day before; which, when shown to him, he immediately put into his pocket, and gave the clerk a duplicate of the bill of lading, with a receipt indorsed for the 2,000 dollars, deducting the alleged deficiency; and then commenced an action against the plaintiff's captain, and recovered from him the said deficiency.

Previous to examining witnesses, as to the fact of taking away the bill of lading and receipt, the plaintiff called upon the defendant to produce the original. It appeared that notice, to produce it, had been given on the morning of the trial. The court said that such notice was insufficient, unless the plaintiff could show that the defendant had the papers in court. The plaintiff then proved that he had given, a short time after issue joined, a general notice to produce the bill of lading, &c., " on the trial of the cause," which the court deemed sufficient notice, without repeating it at each circuit; and also said, that, in this case, it was not necessary that the original should be produced, inasmuch as that did not form the measure of damages.(1)

(1) Whether sufficient notice has been given to produce papers, must necessarily depend on the circumstances of the case. Where the parties reside in the place where the court is held, and the papers, called for, are necessarily

THOMPSON, J., in summing up the evidence to the jury, said that the defendant must be considered as a trespasser, having entered the plaintiff's house for an illegal purpose, to obtain papers to which he had no right. The merits of the judgment in the action between the defendant and the captain of the vessel by which the money came consigned, cannot be overhauled in this action. The testimony, therefore, which has been offered, relative to the deficiency,

must be considered here, merely to discover the intention of the defendant. If there was no deficiency, then this is a case of aggravated trespass, and the jury, in giving damages, are not confined to the extent of the alleged deficiency. But, if there really was a deficiency, that fact, although it cannot excuse the trespass, must go in extenuation of it, and in mitigation of damages.

Verdict for the plaintiff.   Damages, 150 dollars.

*Talbot, D. B. Ogden,* and *E. W. King,* for the plaintiff.

*R. Riker,* for the defendant.